ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| **CALCON MUTUAL MORTGAGE LLC D/B/A ONETRUST HOME LOANS**<br>**Apelada**<br><br>vs.<br><br>PVC SAN GERMAN LLC, MARK JOSEPH FUERST Y SU ESPOSA SHEILA LYNN FUERST, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS, **FRANK BROCK WALTER JR.**, JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES, P.V CASAS PR LLC, JOHN DOE, SEGURADORAS ABC, CORPORACIÓN XYZ<br>**Apelante** | TA2026AP00184 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>*Caso Núm.:*<br>SJ2024CV11080<br><br>Sobre: Cobro de dinero y ejecución de hipoteca |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Comparece el señor Frank Brock Walter Jr. (en adelante, señor Brock Walter o apelante) mediante recurso de *Apelación* presentado el 19 de febrero de 2026, nos solicita que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI o foro primario) el 9 de enero de 2026. Mediante el referido dictamen, el foro primario condenó a la parte demandada del epígrafe a pagar una suma no menor de $4,076,266.45 y una suma adicional por concepto de costas, gastos y honorarios de abogados, más un 10% adicional del principal, a Calcon Mutual Mortgage LLC h/n/c OneTrust Home Loans (en adelante, Calcon Mutual Mortgage o apelado).

Por los fundamentos que proceden a continuación, se modifica el dictamen recurrido, y así modificada, se confirma la *Sentencia* apelada.

**I.**

El 2 de diciembre de 2024, Calcon Mutual Mortgage presentó la *Demanda* del epígrafe contra los codemandados PVC San Germán, LLC (en adelante, PVC San Germán); Mark Joseph Fuerst y su esposa Shiela Lynn Fuerst, y la Sociedad Legal de Gananciales compuesta por ambos; el aquí apelante, Frank Brock Walter, Jr., Jane Doe, y la Sociedad Legal de Gananciales compuesta por ambos; P.V. Casas PR, LLC; y otros demandados de nombre desconocido.[1] En esencia, el apelado alegó que, el 4 de mayo de 2022, le concedió a PVC San Germán un préstamo hipotecario comercial por la suma principal de cuatro millones seiscientos cincuenta mil dólares ($4,650,000.00), más intereses, cargos por mora y otros cargos, con vencimiento original de dieciocho (18) meses contados a partir del otorgamiento de la escritura de hipoteca (en adelante, préstamo hipotecario).

Surge de las alegaciones de la *Demanda* que, como parte del préstamo hipotecario, PVC San Germán suscribió un pagaré hipotecario[2] garantizado por hipoteca constituida mediante la Escritura Número 42 de Primera Hipoteca otorgada en San Juan, Puerto Rico, el 4 de mayo de 2022, ante la Notario Público Ketzia Michelle Rosario Rodríguez (en adelante "Escritura de Hipoteca"), inscrita en el folio 139 del tomo 565, Finca número 2,591 del Registro de la Propiedad, Sección 1 de San Germán, cuyo titular registral era PVC San Germán.[3]

Además, el apelado indicó que, para asegurar el pago y cumplimiento puntual de las obligaciones bajo el préstamo hipotecario, PVC San Germán suscribió los siguientes documentos:

       a. Revolving Loan Agreement.[4]
       b. Mortgage Note Pledge and Security Agreement.[5]
       c. Security Agreement.[6]

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #1, Anejo 1, del SUMAC TPI.
[3] Íd., Anejo 2, del SUMAC TPI.
[4] Íd., Anejo 3, del SUMAC TPI.
[5] Íd., Anejo 4, del SUMAC TPI.
[6] Íd., Anejo 5, del SUMAC TPI.

d. UCC Financing Statements.[7]

Con relación al señor Brock Walter, el apelado alegó que este había suscrito un documento titulado *"Membership Interest Pledge and Security Agreement"*, que establecía, entre otras cosas, lo siguiente:

THIS MEMBERSHIP INTEREST PLEDGE AND SECURITY AGREEMENT (the "Agreement" or "Pledge Agreement") is executed to be effective as of the 4th day of May, 2022, by Mark Joseph Fuerst and Frank Brock Walter, Jr, (hereinafter referred to as "Pledgor") in favor of CALCON MUTUAL MORTGAGE LLC, a Delaware limited liability company, d/b/a OneTrust Home Loans (hereinafter referred to as "Pledgee").

WHEREAS, Mark Joseph Fuerst and Brock Walter, Jr each own fifty (50%) and are the sole Members and owners (collectively of one 100%) of the limited liability company membership interests in PVC San Germán, LLC, a Puerto Rico limited liability company ("Borrower").

In order to induce Pledgee to extend credit to Borrower in an amount up to an initial principal amount of Four Million Six hundred and Fifty Thousand Dollars ($4,650,000.00) (as may be increased or decreased pursuant to the Loan Documents (as defined herein), the "Loan"), pursuant to that certain Revolving Loan Agreement dated as of the date hereof, by and between Borrower and Pledgee (as it may be amended, modified, supplemented, or amended and restated, the "Loan Agreement"), Pledgor hereby pledges to Pledgee, and assigns, transfers and grants to Pledgee a continuing lien and security interest in favor of Pledgee in, all of Pledgor's rights, title and interest in and to the following, wherever located, whether now existing or hereafter from time to time arising or acquired (collectively, the "Collateral"):

(a) All membership and ownership interests of Pledgor in Borrower which represents one hundred percent (100%) of all of the outstanding membership and ownership interests in Borrower and evidenced by Borrower's Operating Agreement, dated on of the date hereof, and the certificates, if any, representing or evidencing such membership interests or other equity securities and ownership interests, possession of which shall be delivered in pledge to the Grantee (such membership and ownership interests are hereinafter referred to as the "Pledged Interests");

(b) All additional shares of membership and ownership interests, certificates, debt, obligations or securities at any time pledged or provided to Pledgee as additional collateral pursuant to this Pledge Agreement or acquired by Pledgor with respect to the Pledged Interests, including but not limited to all distributions and dividends (hereinafter referred to as the "Additional Pledged Collateral");

---

[7] Íd., Anejo 6, del SUMAC TPI.

(c) Any and all substitutions and replacements of the Pledged Interests and the Additional Pledged Collateral and any and all income accruing from or arising in connection with the Pledged Interests and the Additional Pledged Collateral (the Pledged Interests, the Additional Pledged Collateral and all such substitutions, replacements and income thereof and therefrom are hereinafter collectively referred to as the "Securities");

(d) all dividends, cash, options, warrants, rights, instruments, returns of capital or principal, income, interest, profits and other properly from time to time received, receivable or otherwise distributed, in respect of, in exchange for or upon the conversion of, the Securities ("Distributions");

(e) other property and Distributions referenced above,

(f) All certificates and instruments representing the Securities or such additional shares, debt, obligations or securities;

(g) to the extent not covered by paragraphs(a) through(d)above, all "proceeds" as such term is defined in Section.9-102 of the UCC ("Proceeds") and products of the foregoing, al1books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and profits and products of, each of the foregoing, and any and all Proceeds of any insurance, indemnity, warranty or guaranty payable to the Pledgor or Borrower from time to time with respect to any of the foregoing.[8]

El 30 de diciembre de 2024, Calcon Mutual Mortgage presentó ante el TPI los proyectos de emplazamiento personal para todos los codemandados, incluyendo el del apelante.[9]

El 12 de febrero de 2025, el TPI dictó la siguiente Orden: "Expídanse los Proyectos de Emplazamiento que se acompañan a Moción en Entrada #6 en SUMAC. Tome conocimiento la parte demandante que algunos codemandados se sometieron voluntariamente a la jurisdicción del Tribunal -véase Entrada #8- y otros se encuentran fuera de la jurisdicción de Puerto Rico, para lo cual debe solicitar y presentar el proyecto de emplazamiento por edicto."[10]

Ese mismo día, el 12 de febrero de 2025, la Secretaria del TPI expidió el emplazamiento personal dirigido al señor Brock Walter.[11]

---

[8] Íd., Anejo 10, del SUMAC TPI.
[9] Entrada #6 del SUMAC TPI.
[10] Entrada #12 del SUMAC TPI.
[11] Entrada #13 del SUMAC TPI.

El 20 de marzo de 2025, 108 días después de presentar la *Demanda* y 36 días después de haberse expedido los emplazamientos por Secretaria, Calcon Mutual Mortgage solicitó al TPI que expidiera el emplazamiento por edicto para el apelante.[12]

Al día siguiente, 21 de marzo de 2025, el apelado presentó una *Moción Suplementaria a Urgente Solicitud de Expedición de Emplazamiento por Edicto*, la cual acompañó con una declaración jurada suscrita por Joshua Kirk Erskine, identificado como "persona autorizada" del apelado, quien expresó que desconocía el paradero del señor Brock Walter, y que, de su investigación y documentos surgía que este tenía dirección en el estado de Ohio.[13]

El 21 de marzo de 2025, archivada en autos el 25 de marzo de 2025, el TPI dictó una *Orden* en la que solicitó a la Secretaria del TPI a expedir un edicto emplazando al señor Brock Walter, Jane Doe, y la Sociedad Legal de Gananciales Compuesta entre ambos, June Doe, John Doe y Aseguradoras A, B y C, respectivamente.[14]

El 29 de abril de 2025, el TPI celebró una vista, cuya *Minuta* lee como sigue:

[…]

La licenciada Salas manifiesta que está pendiente el emplazamiento por edicto del Sr. Frank Brock Walter Jr., del cual fue emitida la orden, pero aún no se ha expedido el emplazamiento. Informa que el señor Brock tiene una garantía personal y no reside en Puerto Rico, por lo cual se solicitó el emplazamiento por edicto. La licenciada Santaella indica que la orden fue emitida el 21 de marzo de 2025.

El tribunal solicita a la secretaria servicios a sala que tome nota y verifique la expedición del emplazamiento por edicto, entrada 25 del expediente judicial.

El licenciado Roldán aclara que no representa al Sr. Frank Brock Walter Jr.

El tribunal concede a las partes el término de 10 días para someter una moción conjunta. De ser necesario un término adicional, lo someterán mediante moción.

---

[12] Entrada #20 del SUMAC TPI.
[13] Entrada #22, Anejo del SUMAC TPI.
[14] Entrada #25 del SUMAC TPI.

Una vez recibida la moción conjunta, se procederá a dictar sentencia parcial. Posteriormente, se esperará el trámite procesal de las demás partes demandadas.[15]

Ese mismo día, el 29 de abril de 2025, la Secretaria del TPI expidió el emplazamiento por edicto dirigido al apelante.[16]

El 27 de mayo de 2025, el apelado presentó una *Moción en Cumplimiento de Orden*, informando al TPI que, el 1 de mayo de 2025, había publicado el emplazamiento por edicto dirigido al apelante.[17]

Tras varios incidentes procesales, el 24 de septiembre de 2025, el apelado solicitó al foro primario que le anotara la rebeldía al señor Brock Walter.[18]

A su vez, el mismo 24 de septiembre de 2025, el apelado, en conjunto con los codemandados PVC San Germán, P.V. Casas P.R. LLC, Mark Joseph Fuerst y su esposa Sheila Lynn Fuerst, y la Sociedad Legal de Gananciales Compuesta por estos, presentaron una *Moción Conjunta para que se Dicte Sentencia Conforme a las Alegaciones*.[19]

El 1 de octubre de 2025, el TPI le anotó la rebeldía al señor Brock Walter.[20]

Posteriormente, el 9 de enero de 2026, el TPI dictó *Sentencia*, en la cual dispuso, entre otras, lo siguiente:

De conformidad con las alegaciones formuladas por la parte demandante y la prueba ofrecida para sustentarlas, las cuales no fueron objetadas ni refutadas por la parte demandada, declaramos CON LUGAR la Demanda condenando a la parte demandada a pagar una suma no menor de $4,076,266.45 y una suma adicional por concepto de costas, gastos y honorarios de abogados, más un 10% adicional del principal, así como cualquier otra suma que se haga en virtud de la escritura de hipoteca y pagaré. Dichas sumas están vencidas, son líquidas y exigibles. Así mismo, se ORDENA el fiel cumplimiento del Contrato entre las partes intitulado "Revolving Loan Agreement" (Anejo 3 de la Demanda), específicamente lo dispuesto en el Artículo 9.3 de este.[21]

---

[15] Entrada #31 del SUMAC TPI.
[16] Entrada #30 del SUMAC TPI.
[17] Entrada #34 del SUMAC TPI
[18] Entrada #43 del SUMAC TPI
[19] Entrada #42 del SUMAC TPI
[20] Entrada #44 del SUMAC TPI
[21] Entrada #49 del SUMAC TPI.

Inconforme, el 19 de febrero de 2026, el señor Brock Walter acudió ante este Tribunal mediante recurso de *Apelación* y señala los siguientes errores:

**Erró el TPI al anotar la rebeldía y dictar Sentencia contra el Apelante, Frank Brock Walter, Jr., Jane Doe, y a la Sociedad Legal de Gananciales Compuesta por Ambos, a pesar de que la parte Demandante no emplazó al Apelante conforme a derecho, por lo que el TPI nunca adquirió jurisdicción sobre la persona del Apelante.**

**En la alternativa, erró el TPI al dictar Sentencia condenando al Apelante, Frank Brock Walter, Jr., a responder por la suma dispuesta en la Sentencia, sin hacer constar que la única garantía/colateral ofrecida por el Apelante, Frank Brock Walter, Jr., fue la relacionada a sus acciones de PVC San Germán, LLC, según establecido en el Membership Interest Pledge and Security Agreement.**

El 23 de marzo de 2026, la parte apelada presentó su *Alegato en oposición a apelación*. Con el beneficio de la posición de ambas partes, procedemos a disponer.

## II.

### A. Emplazamiento por edicto

El emplazamiento es el medio procesal mediante el cual se le notifica a la parte demandada sobre la presentación de una reclamación instada en su contra. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Rivera v. Jaume*, 157 DPR 562, 575 (2002). Dicha notificación es esencial para que el tribunal pueda adquirir jurisdicción sobre la persona demandada, de forma que esta quede obligada al dictamen que en su día recaiga. *Rivera Marrero v. Santiago Martínez, supra*; *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Márquez v. Barreto*, 143 DPR 137, 142 (1997). De modo que, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte. *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869-870 (2015).

La falta del emplazamiento adecuado produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 468 (2017); *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 512 (1993). Así pues, en nuestro ordenamiento

jurídico existe una política pública que exige el emplazamiento y la notificación adecuada de la parte demandada, con el propósito de prevenir el fraude y asegurar el cumplimiento con el debido proceso de ley. *Rivera Marrero v. Santiago Martínez*, *supra*; *First Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (2005). Reiteradamente nuestro más alto foro local ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véase: *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374–375 (2000); *First Bank of PR v. Inmob. Nac., Inc., supra*; *Rodríguez v. Nasrallah*, 118 DPR 93, 98 (1986).

En Puerto Rico hay dos maneras para diligenciar un emplazamiento, a saber: de forma personal o mediante edictos. *Rivera v. Jaume, supra,* pág. 575. En cuanto al emplazamiento por edicto, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, dispone:

> (a) **Cuando la persona a ser emplazada esté fuera de Puerto Rico,** o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se *compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias*, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. (Énfasis nuestro).

Para que un tribunal permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido una declaración jurada con la expresión de las diligencias ya efectuadas. *Sánchez Ruiz v. Higuera Pérez et al.,* 203 DPR 982, 987-988 (2020). El propósito de la declaración jurada es acreditar las diligencias realizadas para citar al demandado personalmente, por lo que, debe expresar hechos específicos y no meras conclusiones o generalidades. *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 25 (1993). Es importante que el tribunal tome en cuenta todos los recursos razonablemente

accesibles al demandante para intentar hallar al demandado, así como si este ha agotado toda posibilidad razonable para poder localizarlo. *Sánchez Ruiz v. Higuera Pérez et al., supra,* pág. 988.

"La Regla 4.6 de Procedimiento Civil, *supra,* exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado, o cuando estando fuera de Puerto Rico, se ignora su dirección y paradero". *Sánchez Ruiz v. Higuera Pérez et al., supra,* pág. 989, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356.

En *Sánchez Ruiz v. Higuera Pérez et al., supra,* pág. 992, el Tribunal Supremo aclaró que cuando se solicita emplazar por edictos dentro del término de seis (6) meses para diligenciar el emplazamiento personal, el término para diligenciar el emplazamiento por edicto se prorroga tácitamente, ya que se trata de un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda.

### B. Rebeldía

El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011), citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1340. A esos efectos, procede la anotación de rebeldía cuando el demandado no comparece a contestar la demanda u ofrecer alguna defensa a su favor. *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023); *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589; *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).

La anotación de rebeldía tiene el efecto de que se consideren como ciertos los hechos bien alegados y que a la parte en rebeldía se le impida presentar prueba para controvertirlos. *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 814 (1978). Es decir, esta tiene como implicación el que el foro

primario dicte sentencia, según proceda como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros, supra,* pág. 824; *Rivera Figueroa v. Joe's European Shop, supra,* pág. 598.

Al respecto, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, es la disposición que define los asuntos concernientes con la anotación de rebeldía:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

**III.**

En el primer señalamiento de error, nos corresponde determinar si el TPI incidió al anotar la rebeldía y dictar *Sentencia* en contra del apelante, ya que según este último no se emplazó conforme a derecho. Además, como segundo error, si el mismo foro se equivocó al no hacer constar en la *Sentencia* que la única garantía colateral ofrecida por el apelante fue la relacionada a sus acciones de PVC San Germán, según establecido en el "*Membership Interest Pledge and Security Agreement*".

En cuanto al primer señalamiento de error, el apelante argumenta que el TPI nunca adquirió jurisdicción sobre su persona porque el apelado no realizó las diligencias pertinentes para emplazarlo personalmente. Este aduce que la declaración jurada suscrita por el señor Erskine no hace referencia a diligencia alguna realizada para emplazar personalmente al apelante. Por tanto, entiende que la autorización para emplazarlo por edicto fue contraria a derecho.

Surge de la declaración jurada, que el señor Erskine, Ejecutivo de Calcon Mutual Mortgage, estableció que el señor Brock Walter reside fuera de la jurisdicción de Puerto Rico, cuya última dirección conocida es P.O. Box 23579, Mentor, Ohio, 44060.[22] Allí, explicó que dicha información surge de todos los documentos relacionados a la solicitud de préstamo comercial con Calcon Mutual Mortgage. Con esa información, el foro primario autorizó la expedición del emplazamiento por edicto.

Según el derecho reseñado, la Regla 4.6 de Procedimiento Civil, *supra,* dispone que procede el emplazamiento por edicto cuando la persona a ser emplazada está fuera de Puerto Rico. Ahora bien, la misma regla exige la comprobación de diligencias vigorosas y esfuerzo para citar al demandado personalmente sólo cuando, estando fuera de Puerto Rico, se ignora su dirección y paradero. *Sánchez Ruiz v. Higuera Pérez et al., supra,* pág. 989.

Por tanto, somos de la opinión que, la declaración jurada presentada es suficiente para la expedición del emplazamiento de edicto. Esto, ya que Calcon Mutual Mortgage tenía a su alcance amplia documentación que revelaba que el apelante no reside en Puerto Rico. Al amparo de la Regla 4.6 de Procedimiento Civil, *supra,* lo que corresponde en esos casos es emplazar mediante edicto. Así pues, no incidió el foro primario al autorizar la expedición del edicto y, en su consecuencia, la anotación de rebeldía.

En cuanto al segundo señalamiento de error, el apelante entiende que la *Sentencia* apelada contiene un lenguaje sumamente amplio en contra de todos los codemandados, lo cual se puede prestar para interpretaciones incorrectas. En específico, este entiende que el TPI no expresa en su *Sentencia* límite alguno de la responsabilidad personal del apelante, lo cual da entender que la responsabilidad personal de este es ilimitada.

De una lectura de la *Sentencia,* surge que, el TPI condenó a todos los codemandados a pagar la suma $4,076,266.45, más unas sumas adicionales

---

[22] Entrada #22, Anejo de SUMAC TPI.

establecidas en la *Sentencia.* El mismo foro ordenó a las partes dar fiel cumplimiento del Contrato titulado "*Revolving Loan Agreement*". Si bien es cierto que el TPI no expresa límite alguno de la responsabilidad personal del apelante, no es menos cierto que no impone o aparenta imponer una responsabilidad personal ilimitada. No surge de la *Demanda,* ni de documento alguno, que el apelado haya reclamado responsabilidad al apelante en su carácter personal, más allá de lo acordado en el "*Membership Interest Pledge and Security Agreement*".

De modo que, por la presente se establece expresamente que la responsabilidad del apelante para con el apelado se extiende a lo acordado en el referido documento, es decir, a las acciones que este tenga en la corporación. Por tanto, modificamos la *Sentencia* a los fines de establecer que la responsabilidad del señor Brock Walter se limita exclusivamente a la garantía colateral constituida mediante el *Membership Interest Pledge and Security Agreement,* es decir, a su participación o acciones en PVC San German y no a su patrimonio personal.

## IV.

Por los fundamentos antes expuestos, se ***modifica*** la *Sentencia* apelada a los únicos efectos de establecer expresamente que la responsabilidad del apelante se limita a lo acordado en el *Membership Interest Pledge and Security Agreement* y, así modificada, se ***confirma***.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones